IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI A. SCHOENWANDT, | ) CIV. NO. 14-00444 HG-BMK |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS COMPLAINT PURSUANT TO |
| vs. | ) 28 U.S.C. §§ 1915A(b), |
| | ) 1915(e)(2) |
| HAWAII PAROLING AUTHORITY, | ) |
| TOMMY JOHNSON, BERT MATSUOKA, | ) |
| ANDREW MORGAN, JO DESMARET, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915(e)(2)[1]**

Before the court is pro se Plaintiff Lori A.
Schoenwandt's prisoner civil rights complaint. Plaintiff names
the Hawaii Paroling Authority ("HPA"), its Chairman Bert
Matsuoka, Administrator Tommy Johnson, Supervisor and Acting
Administrator Andrew Morgan, and Parole Officer Jo desMarets as
Defendants to this suit in their individual and official
capacities. She alleges that desMarets and Morgan authored or
approved inaccurate parole revocation reports that HPA Board
members Matsuoka and Johnson relied on when they revoked her
parole. Plaintiff further alleges that as a result of her parole
revocation, unnamed Women's Community Correctional Center
("WCCC") officials denied her adequate medical care and

_____

[1] This Finding and Recommendation is submitted pursuant to
28 U.S.C. § 636 and Local Rule LR72.6 of the United States
District Court for the District of Hawaii.

disability accommodations.[2]  She broadly alleges Defendants

violated the Eighth and Fourteenth Amendments, the Americans With

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and state

civil and criminal laws.

For the following reasons, this Court FINDS that

Plaintiff fails to state a cognizable claim for relief and

RECOMMENDS that her Complaint be DISMISSED pursuant to 28 U.S.C.

§§ 1915A(b) and 1915(e)(2), with leave to amend.

## I.  LEGAL STANDARD

Federal courts must screen all civil actions brought by

prisoners seeking redress from a governmental entity, officer, or

employee, and dismiss a claim or complaint that is frivolous,

malicious, fails to state a claim, or seeks monetary relief from

a defendant who is immune from such relief.  28 U.S.C. § 1915A;

28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).  Dismissal for

failure to state a claim is warranted based on a lack of a

cognizable legal theory or in the absence of factual support for

a cognizable legal theory.  *See Mendiondo v. Centinela Hosp. Med.

Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also

be dismissed for failure to state a claim if it discloses some

---

[2] Plaintiff has a separate suit alleging specifically named
WCCC prison officials denied or interfered with adequate medical
care and disability housing since her parole revocation.  *See
Schoenwandt v. Hawaii Dep't of Public Safety*, Civ. No. 14-00398
HG/KSC (D. Haw Oct. 16, 2014)) (findings and recommendation to
dismiss complaint for failure to state claim).

fact or complete defense that will necessarily defeat the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228–29 (9th Cir. 1984).

A court must construe pro se complaints liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). A court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice," however. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2006). Leave to amend should be granted unless amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The court should not advise a litigant how to cure the defects in the pleading, however, as this "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231(2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## II.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint is difficult to comprehend. Liberally construed, with reference to a May 1, 2012 parole recommendation report that is part of the Complaint, it appears

that Plaintiff was released on parole in 2010.[3]  *See generally*,
Compl., Doc. No. 1, "desMarets Report," PageID #15.  The
desMarets Report relates that Plaintiff underwent major surgery
in May 2011, and, although Plaintiff has a "documented history of
abusing some of the medication prescribed for her," Parole
Officer desMarets allowed her to use narcotic pain medications
prescribed by her physician without violating the conditions of
parole.  *Id.*, PageID #14.  Because Plaintiff tested positive for
opiates and oxycodone, and in light of her past history, however,
desMarets "suggested . . . [Plaintiff] talk to her physician
about the availability of alternative pain medication." *Id.*
Plaintiff explained, "the doctor knew about her past and wanted
her to take the medications prescribed." *Id.*  Plaintiff's
medical issues and use of prescription pain medication made it
difficult for her to find employment or a drug abuse program that
would accept her, both of which were conditions of parole.  The
Freedom Recovery program finally accepted Plaintiff, but later
discontinued her due to her medical issues.

On or about October 14, 2011, Plaintiff reported for a
parole review appointment, at which she tested positive for

---

[3] Plaintiff pled no contest to Promoting a Dangerous Drug in
the Second Degree in *State v. Schoenwandt*, 1PC04-1-001071, and
was sentenced to a ten year term commencing May 25, 2004.  *See*
Hawai'i State Judiciary Public Access to Court Information at:
http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last
accessed Oct. 22, 2014).

opiates.  Plaintiff explained that she was under stress because she had lost her welfare assistance, was denied Social Security Insurance for a second time, and "needed a break." *Id.*  Officer desMarets told Plaintiff to report any changes in her situation.

Plaintiff missed her parole appointment due to illness on October 21, 2011, and called to reschedule.  On October 26, 2011, Plaintiff missed the rescheduled appointment due to illness and again rescheduled.  On November 4, 2011, Plaintiff missed her third rescheduled appointment, but this time she failed to call to reschedule or explain her absence.  Officer desMarets issued a retake warrant on November 16, 2011, "[a]fter numerous attempts to find [Plaintiff] were unsuccessful." *Id.*  Four months later, on March 18, 2012, the parole retake warrant was finally executed.

On May 1, 2012, Officer desMarets recommended revocation of Plaintiff's parole in her report, finding Plaintiff was a medium parole risk and her attitude toward parole supervision was "poor." *Id.*  Parole Supervisor Morgan signed and approved the report on May 4, 2012.  The report shows that this was Plaintiff's "second parole violation."  Thereafter, the HPA revoked Plaintiff's parole, although the exact date of revocation is uncertain from the Complaint.

When Plaintiff filed this action and sought in forma pauperis status on October 2, 2014, she was incarcerated at WCCC.

Public records maintained by the Hawaii Department of Public Safety show that she was released from custody on October 4, 2014, when her sentence expired. *See* Hawaii Statewide Automated Victim Information and Notification (SAVIN) Service, https://www.vinelink.com/vinelink/siteInfoAction. (last visited Oct. 22, 2014).[4]

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A. **Plaintiff's Claims**

Plaintiff does not deny that she was taking narcotic pain medication while on parole with desMaret's and the HPA's

---

[4] A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001); *see also Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding a court may take judicial notice of records and reports of administrative bodies); Fed. R. Evid. 201 (providing "a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (West 2006).

guarded permission.  Instead, Plaintiff argues that desMarets'
and Morgan's recommendations to revoke her parole was based on
the false and defamatory information that she was *abusing*
opiates.  That is, Plaintiff argues that she wasn't abusing drugs
because her medicine was approved and prescribed for her by her
physician.

Plaintiff then constructs a tenuous argument that (1)
desMarets, Morgan, Johnson, and Matsuoka violated the Fourteenth
Amendment for recommending, approving, and formally revoking her
parole based on false information; and (2) violated the Eighth
Amendment by revoking her parole and reincarcerating her at WCCC,
where she alleges WCCC officials allegedly denied her adequate
medical care and disability accommodations in prison.

**B.    Johnson and Matsuoka Are Absolutely Immune From Suit**

Plaintiff names HPA Chairman Matsuoka and Administrator
Johnson based on their decision to revoke her parole.  Whether
Plaintiff asserts claims against them under the Eighth or
Fourteenth Amendments, as parole board officials they are
entitled to absolute quasi-judicial immunity "for decisions 'to
grant, deny, or revoke parole' because these tasks are
'functionally comparable' to tasks performed by judges." *Swift*
*v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting
*Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981).  This
immunity extends as far as "necessary to accomplish its purpose

to insulate parole officials' adjudicatory decisions from potentially distorting influences, such as the threat of retaliatory lawsuits." *Anderson v. Boyd*, 714 F.2d 906, 909 (1983). Moreover, this protection extends to suits for damages and injunctive relief. *See Wilson v. Wheeler*, 2012 WL 5879827, at *1 (D. Or. May 02, 2012); *Sopher v. Washington*, 2008 WL 4793173, *11 (D. Or. Oct. 30, 2008) (recognizing that "parole board officials have absolute immunity in § 1983 actions for injunctive relief") (citing *Moreno v. Trqavis*, 171 F.3d 757, 761 (2nd Cir. 1999).

The Court FINDS that Johnson and Matsuoka are entitled to absolute quasi-judicial immunity against Plaintiff's claims and RECOMMENDS that claims against them be DISMISSED.[5]

## C. Other Immunities

The Eleventh Amendment bars claims for damages against state officials sued in their official capacity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). This is because state officials sued in their official capacity for damages are not "persons" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). State officials sued in their official capacity for injunctive relief, however,

---

[5] Officers desMarets and Morgan are not absolutely immune for investigating Plaintiff's parole violations, arresting her, ordering a parole hold, or recommending initiation of parole revocation proceedings. *See Swift*, 384 F.3d at 1191-93.

are considered persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Stated differently, the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908) does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).

Moreover, under Title II of the ADA, claims for damages against defendants named in their *individual* capacity must be dismissed. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA."). Claims against individuals under the ADA are treated as official capacity claims because no individual capacity claims exist under the statute. *See, e.g.*, *Abbott v. Rosenthal*, 2 F. Supp.3d 1139, *6 (D. Idaho 2014); *Becker v. Oregon*, 170 F. Supp.2d 1061, 1066 (D. Or. 2001); *see also Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (*per curiam*) (holding that Title II's statutory language does not prohibit a plaintiff from requesting injunctive action against state officials in their official capacities).

First, the Court FINDS that the HPA is not a person subject to suit under § 1983, and RECOMMENDS it be DISMISSED with prejudice. Second, the Court FINDS that Plaintiff's claims for

9

damages under § 1983 against Defendants in their official capacities, and under the ADA against Defendants in their individual capacities, fail to state a claim. The Court RECOMMENDS that these claims be DISMISSED without leave to amend. Plaintiff's damages claims against individual Defendants under § 1983, and injunctive relief claims under the ADA and § 1983 against official capacity Defendants are unaffected.

D.  **Rule 8 of the Federal Rules of Civil Procedure**

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### 1.   Fourteenth Amendment Claims

Plaintiff alleges desMarets and Morgan violated the Fourteenth Amendment when they recommended parole revocation based on false information.

A parolee is entitled to due process protections from the moment she is arrested on a suspected parole violation. *See Morrissey v. Brewer*, 408 U.S. 471, 485 (1972); *see also Benny v. United States Parole Comm'n*, 295 F.3d 977, 985 (9th Cir. 2002). However, "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Id.* at 480.

Rather, "a parolee is entitled to two hearings, one a preliminary hearing at the time of [her] arrest and detention to determine whether there is probable cause to believe that [she] has committed a violation of [her] parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon v. Scarpelli*, 411 U.S. 778,

11

781-82 (1973).  A parolee is not "entitled to be apprised of all the evidence relied upon by a parole board in rendering its decision," however.  *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991).

To satisfy due process, the preliminary hearing requires "an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated [] made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation." *Morrissey*, 408 U.S. at 486.  A judicial officer is not required. *Id.*  The parolee should be given notice of the preliminary hearing that includes the parole violations alleged.  *Id.* at 487. The parolee may speak at the hearing and proffer letters, documents, and people willing to speak in her support.  *Id.*  The parolee may call adverse witnesses, unless the independent parole officer determines they could be subjected to harm for their testimony.  The independent parole officer should determine whether probable cause exists for the revocation of parole, but formal findings of fact or law are not required.  *Id.*

The minimum due process requirements for the formal revocation of parole hearing include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against [her]; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses

12

> (unless the hearing officer specifically
> finds good cause for not allowing
> confrontation); (e) a 'neutral and detached'
> hearing body such as a traditional parole
> board, members of which need not be judicial
> officers or lawyers; and (f) a written
> statement by the factfinders as to the
> evidence relied on and reasons for revoking
> parole.

*Id.* at 489.

Plaintiff's allegations fail to state a due process claim under Rule 8. First, Plaintiff does not specifically allege that she was denied any of the procedural due process rights set forth in *Morrissey*. The Court cannot determine if Plaintiff received notice before either hearing, when or if either hearing occurred, who conducted these hearings, whether she was allowed the opportunity to respond, what findings were made at the preliminary hearing or written statement was produced at the final revocation hearing. It is impossible to infer that Defendants violated *Morrissey*'s due process requirements without such a statement of facts.

Similarly, Plaintiff's threadbare and conclusory statements do not support an inference that the desMarets' report was false or defamatory, or that the other Defendants approved of or relied on false information. Public records show that Plaintiff was convicted of at least two drug related offenses, thus, she has a documented history of drug abuse as stated in the

report.[6]  Plaintiff does not dispute that she missed three parole appointments and had no contact with the parole office for at approximately five months when she was arrested on a parole retake warrant.  She also apparently concedes that she was unable to find employment or successfully complete or participate in a required rehabilitation program.  Plaintiff rests her due process claim on her mistaken interpretation that the desMarets Report recommended parole revocation solely on her prescribed drug use.

Plaintiff ignores Officer desMarets' findings that she (1) missed three parole review appointments in October and November 2011; (2) failed or neglected to contact the parole office between November 4, 2011, and March 18, 2012 (four and one half months); (3) failed to secure employment or participate in a rehabilitation program; and (4) was being reviewed on her second parole violation.  These factors are each sufficient standing alone for revocation of parole.  *See* Haw. R. Stat.§ 706-624 (enumerating mandatory and discretionary conditions of parole); § 353-65 (granting HPA authority to establish rules for parole); § 353-66(d) (granting HPA authority to arrest and return to custody a parolee to ascertain whether there is sufficient cause

---

[6]  See *State v. Schoenwandt*, 1PC04-1-001071 (no contest plea Sept. 23, 2004 to Promoting a Dangerous Drug in the Second Degree); *State v. Schoenwandt*, 1PC03-1-000793 (no contest plea June 23, 2003, to Promoting a Dangerous Drug in the Third Degree and Unlawful Use of Drug Paraphernalia).  *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

14

to warrant reincarceration); § 353-66(e) (providing for reincarceration until full term is served on a second parole violation).

Plaintiff's failure to allege any facts supporting a due process violation at her preliminary probable cause hearing or final revocation hearing fails to support a cognizable due process claim. Plaintiff's statements in the Complaint, the attached desMarets Report, and public records also show that there were several sufficient bases for revocation of Plaintiff's parole, without regard to Plaintiff's alleged drug use. Moreover, desMarets' statement that Plaintiff has a documented history is not false or defamatory. The Court FINDS that Plaintiff's conclusory statements do not allow a reasonable inference that desMarets or Morgan are responsible to her for the misconduct she alleges. As such, the Court RECOMMENDS that Plaintiff's Fourteenth Amendment claims be DISMISSED.

## 2. Eighth Amendment Claims

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The statute requires an actual connection or link between the defendants' actions and the deprivation alleged. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Particularly with respect to supervisory, managerial, or executive-level

15

personnel, a plaintiff must demonstrate that each defendant
personally participated in the alleged violation of her
constitutional rights. *Iqbal*, 556 U.S. at 675-76; *Simmons v.
Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010);
*Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).
Supervisors may be held liable only if they "participated in or
directed the violations, or knew of the violations and failed to
act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th
Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th
Cir. 2011). Liability may not be imposed on a supervisor under
the theory of respondeat superior. *Iqbal*, 556 U.S. at 675-76.
Since a government official cannot be held liable under a theory
of vicarious liability in § 1983 actions, a plaintiff must plead
facts showing that the official violated the Constitution through
his or her own individual actions. *Id.*

     "[T]o maintain an Eighth Amendment claim based on
prison medical treatment, an inmate must show 'deliberate
indifference to serious medical needs.'" *Jett v. Penner*, 439
F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429
U.S. 97, 106 (1976)). The two part test for deliberate
indifference requires a plaintiff to show (1) "'a serious medical
need' by demonstrating that 'failure to treat a prisoner's
condition could result in further significant injury or the
unnecessary and wanton infliction of pain,'" and (2) "the

defendant's response to the need was deliberately indifferent."
*Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050,
1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs.,
Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*) (internal
quotations omitted)).  Deliberate indifference may be shown by "a
purposeful act or failure to respond to a prisoner's pain or
possible medical need, and harm caused by the indifference."
*Id.*, 439 F.3d at 1096 (citation omitted).  Thus, a plaintiff must
allege facts showing that defendants "[knew] of and disregard[ed]
an excessive risk to [Plaintiff's] health[.]"  *Farmer v. Brennan*,
511 U.S. 825, 837 (1994).

          Plaintiff alleges Defendants' actions in recommending
and revoking her parole led directly to her reincarnation.  She
therefore blames Defendants for WCCC prison officials' alleged
denial of adequate medical care and violation of the ADA once she
was reincarcerated.  This claim is wholly insufficient.  First,
Plaintiff fails to link any Defendant to her Eighth Amendment
claims.  That is, she fails to show that any Defendant knew of,
participated in, directed, approved, or failed to prevent the
alleged delay or denial of medical care or disability
accommodations at WCCC.  Second, without knowledge of an
excessive risk to Plaintiff's health and direct participation in
her allegations, Plaintiff cannot show that any Defendant was
deliberately indifferent to her serious medical needs.

The Court FINDS that Plaintiff's conclusory allegations fail to state a cognizable Eighth Amendment claim for relief against Defendants and RECOMMENDS that these claims be DISMISSED.

## E.  Rule 18 of the Federal Rules of Civil Procedure

Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 18(a).  *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action.").  Under Rule 18(a), multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with an unrelated Claim B against Defendant 2. Plaintiff attempts to avoid this rule by proffering a daisy chain of facts -- desMarets' recommendation to revoke her parole, Morgan's signing the report, the HPA's subsequent revocation of parole, her reincarceration, and the alleged inadequate care and denial of disability accommodations by unnamed prison officials -- as a single chain of events initiated by Defendants named herein.

Plaintiff's Complaint clearly includes unrelated claims against wholly-unrelated unnamed defendants, based on separate facts and alleged violations, that occurred at different times and places.  Plaintiff has already commenced suit against WCCC officials regarding her Eighth Amendment claims, showing she knows how to properly raise these claims.  The Court FINDS that

18

Plaintiff's conclusory allegations fail to state a cognizable Eighth Amendment claim for relief against any named Defendant, are improperly joined in this action under Rule 18, and RECOMMENDS that these claims be DISMISSED.

**F.    Leave to Amend**

The Court FINDS AND RECOMMENDS that Plaintiff's Complaint be DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).  Plaintiff may file an amended complaint on a court-approved prisoner civil rights complaint form on or before **November 24, 2014**, that cures the deficiencies noted above if possible.

Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading and the court will not refer to the original pleading to make any amended complaint complete.  Defendants not named in the amended complaint's caption and claims not realleged in an amended complaint are deemed waived.[7]  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  An amended complaint generally supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

---

[7] Claims dismissed without leave to amend need not be repled in an amended complaint to preserve them for appeal.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).  However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.*

Cir. 1967). Plaintiff is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if she amends her pleading.

## G. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Findings and Recommendation, this dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

## IV. CONCLUSION

IT IS HEREBY FOUND AND RECOMMENDED that:

(1) The Complaint be DISMISSED for failure to state a claim.

(2) Plaintiff may file an amended complaint curing the deficiencies noted above on or before **November 24, 2014**. Failure to timely amend the Complaint and cure its pleading deficiencies

may result in **DISMISSAL** of this action for failure to state a claim, and may be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk is directed to mail Plaintiff a form prisoner civil rights complaint so she can comply with these directions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 24, 2014.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Schoenwandt v. Hawaii Paroling Auth.*, Civ. No. 14-00444 HG-bmk/; scrng/F&R 2014 Schoenwandt 14-444 bmk (F&R dsm lv amd); J:\ChambersBMK\Ready For Judge\Schoenwandt 14-444 bmk (f&r dsm lv amd).wpd